LARUE COUNTY BOARD OF EDUCA-
TION, Appellant,

v.

Earl SCOTT, Sheriff, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Ben B. Fowler, Dailey & Fowler, Frank-fort, for appellant.

J. T. Hatcher, Hatcher & Lewis, Eliza-bethtown, for appellee.

STEWART, Judge.

Earl Scott, sheriff of Larue County, filed this action against the Larue County Board of Education, seeking a declaration of rights to determine the amount to which he was entitled for collection of taxes for the board for the year 1954.

The lower court found (1) that the fiscal court of Larue County having fixed the annual compensation of the sheriff at $7,200 and his deputy hire at $5,500, such amounts must be accepted as evidence of reasonable compensation for these officials for the year 1954; (2) that the court was bound by the uncontradicted evidence that the sheriff's office devotes 75 per cent of its time each year in collecting taxes of all kinds; (3) that $200 general office expense, $340 clerical hire for school tax collection work, and $100 for transportation expense necessary in the collection of school taxes be allowed for the period; and (4) that the school tax represented 67.-05 per cent of all taxes collected by the sheriff in Larue County for that year.

The court, following these findings of fact and law, adjudged the sheriff to be entitled to the sum of $6,748.01 as compensation for the collection of school taxes for 1954. The board moved for a new

trial, contending the court's finding that 75 per cent of the sheriff's time was spent on all tax work was excessive. At a hearing on the motion, the court revised its finding by fixing the time spent on tax collections at 70 per cent of the total time of the sheriff's office in performing its duties, and a judgment was entered to allow the sheriff the sum of $6,349.63 on the school tax receipts.

From this judgment the board appeals, urging reversal on the grounds that (1) the lower court erred in holding that the action of the fiscal court in fixing the maximum salary of the sheriff and his deputies was *conclusive* on the question of reasonable compensation for the purpose of computing the sheriff's school tax commissions; and (2) the evidence was insufficient to sustain the findings of fact or the judgment entered thereon.

█ It is our opinion that appellant's first contention is without merit. In arriving at what the sheriff and his deputies were entitled to receive for the collection of all taxes, the trial court found that the amounts of annual compensation fixed by the fiscal court for these officials "must be accepted by the court as *evidence* (emphasis ours) of reasonable compensation". Obviously, in adopting the figures set by the fiscal court, this particular fact was considered along with the other evidence presented, such as the level of compensation for similar work in the community and the practical consideration that compensation for these positions should be high enough to attract competent men to these offices. Furthermore, there was no counter evidence introduced that would tend to reduce these sums. Therefore, we believe the annual compensation set by the lower court for the sheriff and his deputies was reasonable for the purposes involved in this litigation.

█ We agree with the board's next contention that the evidence in the case at bar establishes no facts of probative value to sustain the finding that 70 per cent of the time of the sheriff's office was spent in tax collections. The entire proof consists of categorical statements of the sheriff and his deputy, John Worful, that 75 per cent of their time was consumed in tax collection work during the year in question. No facts or records are set forth to support these declarations, and we must therefore regard their testimony as self-serving conjectures. It is common knowledge that the busy part of the year for tax collections covers the period from September 15th to December 31st of each year. The succeeding three months always show a considerable slackening off in tax payments, and, during the next five months, extending from April 1st until August 31st, any tax labor performed by the sheriff's office consumes a relatively small portion of time.

In Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160, this Court fixed the equivalent of 6 months as the maximum time spent by the sheriff in the collection of all taxes. In Barren County Board of Education v. Edmunds, Ky., 252 S.W.2d 882, an allowance of two-thirds of 10 months, which figures out approximately 6.6 months, was approved for this same work. In Board of Education of Mason County v. Collins, Ky., 259 S.W.2d 17, 90 per cent of 7 months, or a period tantamount to 6.3 months, was determined to be a liberal amount of time in which to perform the tax collections. In McClain v. Board of Education of Spencer County, Ky., 275 S.W.2d 795, we approved an allowance of 80 per cent of 8 months, or the equivalent of 6.4 months, for accomplishing the tax collections.

The apportionment to the sheriff of Larue County of the time to complete his tax collections in the instant case is the equivalent of 8.4 months, or a period of almost 2 full months more than that permitted the sheriffs in any of the other cases we have mentioned. Some of these counties have larger tax revenues than Larue County; in most of them such revenues are comparable in amount. Such an allotment of

684

time might be sanctioned in the county under discussion if the quality and character of the proof definitely established that as much as 8.4 months of full time of both the sheriff and his deputies was actually expended in tax collection work, but here, as we have pointed out, no facts were proven on which such an allowance could be founded. The allowance is based solely on the unsupported opinions of the two interested parties, namely, the sheriff and his chief deputy, both of whose salaries are definitely affected by the outcome of this case.

In the light of what we have written, it is our view that around 55 per cent of the sheriff's and his deputies' time in this case would be a generous allowance for all tax collection work. In fact, we are setting this figure as a reasonable one, because our extensive experience in reviewing similar records involving the time factor leads to the belief that the time allowance here should not exceed this percentage. It follows that the finding of the lower court that 70 per cent of the work of the sheriff's office is consumed in tax collections is clearly erroneous. See CR 52.01.

 In computing the cost of collecting school taxes the formula which has been generally approved by this Court is, first, determine the percentage of time the sheriff and his deputies have devoted to all tax collection work. Then multiply this percentage figure by the amount of the reasonable annual compensation of the sheriff, plus the reasonable annual compensation of his deputies, and plus the amount of his general office expense. To this result next add the items of expense attributable to tax collections only. Then multiply this last figure by the ratio that the school tax collections bear to the total amount of all tax collections. See Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528.

We believe $200 for general office expense, $340 for clerical hire incident to tax collection work, and $100 for transporta-

tion cost for the same labor were reasonable items. It will also be recalled that we heretofore approved the lower court's finding that fixing the sheriff's compensation at $7,200 and his deputy hire at $5,500 per annum was reasonable for the purpose of determining the amount due for school tax collections herein. It is not in dispute that the school tax payments in Larue County in 1954 amounted to 67.05 per cent of all tax collected by the sheriff's office. When we take into consideration all of these figures and apply to them the formula hereinbefore mentioned we arrive at the sum of $5,052.22 for the sheriff's commission for school tax collections for 1954.

Wherefore, the judgment is reversed with directions to set it aside and to enter another in conformity with this opinion.